[Cite as *In re M.P.*, 2024-Ohio-5798.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: M.P.

C.A. No.  31169

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.  DN 23 01 0054

DECISION AND JOURNAL ENTRY

Dated: December 11, 2024

HENSAL, Judge.

{¶1}    Appellant, C.K. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her minor child in the permanent custody of Summit County Children Services Board ("CSB").  This Court affirms.

I.

{¶2}    Mother is the biological mother of M.P., born August 18, 2020.  The child's father is deceased.  Mother has two other minor children who were involved in the trial court proceedings but are not parties to this appeal.

{¶3}    During early December 2022, a young child, who is not Mother's child, died while Mother was babysitting him.  Although the police initially believed that Mother had accidentally suffocated the child while sleeping with him, the medical examiner later discovered that the child had died from a fentanyl overdose.

{¶4} Consequently, M.P. was removed from the custody of Mother. Mother submitted oral samples for drug screening on January 23 and January 26, 2023. Both samples tested positive for fentanyl. Mother admitted that she used fentanyl in the home but denied that she used it in the presence of the deceased child. Mother was later charged with felony child endangering and involuntary manslaughter and was incarcerated.

{¶5} The juvenile court adjudicated M.P. as a dependent child and placed him in the temporary custody of CSB. During the following year, Mother had video visits with M.P., but she did not work, or could not work due to incarceration, on the reunification goals of the case plan. Mother remained incarcerated throughout this case, with the criminal charges still pending against her.

{¶6} On December 28, 2023, CSB moved for permanent custody of M.P., alleging that permanent custody was in the child's best interest. To establish the first prong of the permanent custody test, CSB alleged that "the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents[]" based on two alternative factors under Section 2151.414(E) of the Revised Code: that Mother had failed to substantially remedy the conditions that caused the children to be placed outside the home under Section 2151.414(E)(1); and that the facts of this case established any other relevant factor under Section 2151.414(E)(16). R.C. 2151.414(B)(1)(a).

{¶7} The case proceeded to a permanent custody hearing on June 17, 2024. At that time, Mother was still incarcerated on the charges pertaining to the other child's death, and did not attend the hearing. Mother was represented by trial counsel throughout these proceedings, however. At the permanent custody hearing, Mother's trial counsel defended Mother against the allegations in the agency's motion.

{¶8} Pertaining to the grounds alleged under Section 2151.414(E)(1), Mother's counsel did not dispute that Mother had failed to make progress on reunification goals of the case plan pertaining to her ability to meet the basic needs of the child. Instead, counsel emphasized that Mother had achieved and maintained sobriety because of her incarceration.

{¶9} Following the hearing, the trial court concluded that CSB had demonstrated that the child cannot and should not be returned to Mother's custody and that permanent custody was in the child's best interest. Consequently, it terminated parental rights and placed M.P. in the permanent custody of CSB. Mother appeals and raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT'S DECISION TO TERMINATE PARENTAL RIGHTS WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} Mother's assignment of error is that the trial court's permanent custody decision was against the manifest weight of the evidence because there was no evidence before the court that she had abandoned her child. A review of the record and the trial court's judgment reveals, however, that the trial court did not find that Mother abandoned her child. As will be explained below, Mother's entire argument is premised on a non-prejudicial typographical error in the trial court's judgment.

{¶11} Before a juvenile court may terminate parental rights and award permanent custody of a child to a proper moving agency, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned; orphaned; has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; the child or another child of the same parent has been adjudicated abused, neglected, or dependent three times; or that

the child cannot be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D)(1). R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 98-99 (1996).

{¶12} Mother challenges only the trial court's finding on the first prong of the permanent custody test. In this case, the trial court found that CSB had established the first prong ground under Section 2151.414(B)(1) because M.P. "cannot be returned to the custody of either parent within a reasonable time or should not be placed in the custody of either parent[]" based on two factors set forth in Section 2151.414(E). R.C. 2151.414(B)(1)(a).

{¶13} The Ohio Supreme Court has interpreted the plain language of Section 2151.414 to require a juvenile court to make only two specific findings to support its award of permanent custody: "(1) that one or more of the conditions in R.C. 2151.414(B)(1)(a) through (e) applies and (2) that a grant of permanent custody is in the child's best interest." *In re A.M.*, 2020-Ohio-5102, ¶ 18, citing R.C. 2151.414(B)(1). Mother does not dispute that the trial court made both those findings.

{¶14} On appeal, Mother assigns error to the trial court's explanation of its first prong "cannot or should not" finding insofar as it cited to Section 2151.414(E)(10). In relevant part, the trial court found as follows:

> Due to her incarceration, Mother has not been able to make progress on her case plan. While she has remained drug-free due to her incarceration, she has not had the ability to demonstrate that she can maintain sobriety outside of a correctional setting. Nor has she been able to obtain housing or employment to meet this child's basic needs. R.C. § 2151.414(E)(10).

Although the trial court cited Section 2151.414(E)(10), a subsection that pertains to a parent abandoning the child, it is apparent from the record and the remainder of the trial court's

judgment entry that the trial court's reference to subsection (E)(10) of Section 2151.414, rather than (E)(1), was a typographical error.

{¶15} In its permanent custody motion, CSB had not alleged that Mother abandoned M.P., nor did it offer any evidence of abandonment at the permanent custody hearing. Instead, CSB had alleged in its motion that Mother had failed to remedy the conditions that caused M.P. to remain placed outside of her custody under Section 2151.414(E)(1). CSB's evidence at the hearing focused on that specific (E) factor. Mother was represented by counsel at trial, and counsel attempted to defend her against the agency's (E)(1) allegations and evidence.

{¶16} More significantly, this Court must construe the stated language in the trial court's judgment entry. This Court has repeatedly held that, in making a finding that the child cannot or should not be returned to the custody of the parents under Section 2151.414(B)(1)(a), the trial court is not required to cite to a specific subsection of Section 2151.414(E), particularly where the court's findings on specific (E) factors can be ascertained from the language of the trial court's judgment entry. *See*, *e.g*., *In re F.W.*, 2017-Ohio-5624, ¶ 12 (9th Dist.); *In re I.K.*, 2005-Ohio-1634, ¶ 26-27 (9th Dist.); *In re S.C.*, 2004-Ohio-4570, ¶ 30 (9th Dist.).

{¶17} As quoted above, in the same paragraph in which the trial court cited to Section 2151.414(E)(10), the trial court did not mention a lack of contact between Mother and M.P., nor can its language be construed to constitute a finding of abandonment. The trial court's written explanation of this finding refers only to Mother's lack of progress on the case plan. This Court must reasonably construe the quoted language to constitute a finding that Mother had failed to remedy the conditions that caused the removal of M.P. from her home and prevented his safe return to her custody. R.C. 2151.414(E)(1).

{¶18} Mother has confined her assignment of error to the trial court's purported finding of abandonment under Section 2151.414(E)(10) and its alternative first prong finding of "[a]ny other factor the court considers relevant" under Section 2151.414(E)(16). It is unnecessary for this Court to review the trial court's alternative finding under Section 2151.414(E)(16), as the trial court need find only one (E) factor under Section 2151.414(E) to support its "cannot or should not" determination under Section 2151.414(B)(1). *In re R.L.*, 2014-Ohio-3117, ¶ 24 (9th Dist.). Because Mother has not challenged the trial court's stated finding under Section 2151.414(E)(1), she cannot demonstrate prejudice. Mother's assignment of error is overruled.

## III.

{¶19} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

STEPHEN M. GRACHANIN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.